OPINION
Plaintiffs-appellants James Cox, et al. appeal the November 2, 2001 Summary Judgment Entry of the Richland County Court of Common Pleas, which denied appellants' motion for summary judgment, but granted defendant-appellee Nationwide Insurance Co.'s cross-motion for summary judgment.
 STATEMENT OF THE FACTS AND CASE
In November, 1992, appellant James Cox was involved in a multi-vehicle collision, which resulted in his sustaining extensive injuries. Appellants James Cox and his wife, Cher Cox, sought recovery from the two alleged tortfeasors. After a jury trial, appellant James Cox received a judgment of $200,000, and appellant Cher Cox was awarded $20,000 for her loss of consortium claim from one of the defendants. The tortfeasor's auto insurer paid its policy limits of $50,000. Appellants subsequently recovered underinsured motorist coverage from their own auto liability insurer. Thereafter, appellants presented a claim for underinsured motorist coverage under their homeowner's policy issued by appellee Nationwide in the amount of $50,000, representing the unrecovered portion of the judgment.
After Nationwide denied the claim, appellants brought the instant declaratory judgment action in the Richland County Court of Common Pleas. The parties filed cross-motions for summary judgment on the sole issue of whether appellants' homeowner's policy could be consider an automobile liability policy, subject to the mandatory UIM offering requirement. Via Summary Judgment Entry filed November 2, 2001, the trial court overruled appellants' motion for summary judgment and entered judgment in favor of Nationwide.
It is from this judgment entry, appellants appeal, raising the following assignment of error:
 THE COURT ERRED AS A MATTER OF LAW IN GRANTING SUMMARY JUDGMENT IN FAVOR OF THE DEFENDANT-APPELLEES AND IN OVERRULING THE MOTION FOR SUMMARY JUDGMENT FILED BY THE PLAINTIFFS-APPELLANTS, SINCE AS A MATTER OF LAW, THE UNDISPUTED FACTS SHOW THAT PLAINTIFFS WERE ENTITLED TO JUDGMENT AS A MATTER OF LAW.
 I
Herein, appellants contend the trial court erred in overruling their motion for summary judgment and granting summary judgment in favor of Nationwide.
This Court has previously addressed the issue of whether the residents employee provision in a homeowner's policy could be construed so as to provide UM/UIM coverage. In accordance with this Court's decisions inHenry v. Nationwide Mut. Fire Ins. Co.[1], Trussell v. United OhioIns. Co.[2], Vohsing v. Auto-Owners Ins. Co.[3], and Mattox v.Allstate Ins. Co.[4], we overruled appellants' sole assignment of error.
The judgment of the Richland County Court of Common Pleas is affirmed.
By: GWIN, J. WISE, J. concur HOFFMAN, P.J. dissents
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Richland County Court of Common Pleas is affirmed. Costs assessed to appellants.
[1] Henry v. Nationwide Mut. Fire Ins. Co. (Sept. 28, 2001), Muskingum App. No. Ct2001-0014, unreported.
[2] Trussell v. United Ohio Ins. Co. (Jan. 16, 2002), Perry App. No. 01-CA-15, unreported.
[3] Vohsing v. Auto-Owners Ins. Co. (Jan. 14, 2002), Licking App. No. 01-CA-56, unreported.
[4] Mattox v. Allstate Ins. Co. (Mar. 25, 2002), Stark App. No. 2001CA218, unreported.